**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| In re:<br><br>T7 Enterprises LLC d/b/a Reliable Tire Disposal,[1]<br><br>      Debtor. | Case No. 26-11103-smr<br><br>Chapter 11 |

**THE DEBTOR'S MOTION**
**FOR ENTRY OF AN ORDER AUTHORIZING**
**THE PAYMENT OF PRE-PETITION CRITICAL VENDOR CLAIMS AND UTILITIES**

**TO THE HONORABLE SHAD M. ROBINSON,**
**UNITED STATES BANKRUPTCY JUDGE:**

T7 Enterprises LLC d/b/a Reliable Tire Disposal (the "***Debtor***" or "***T7 Enterprises***") files this *Motion for Entry of an Order Authorizing the Payment of Pre-Petition Critical Vendor Claims and Utilities* (the "***Motion***") and respectfully shows the Court as follows:

**SUMMARY OF RELIEF REQUESTED**

1.      By this Motion, the Debtor seeks authority to pay (i) those vendors it deems critical to its business operations and (ii) past due amounts for one of its utility providers. The requested relief is intended to maintain ordinary course operations, preserve vendor relationships, and protect the value of the estate.

**EXPEDITED CONSIDERATION REQUESTED**

2.      The Debtor respectfully requests emergency consideration of this Motion pursuant to Bankruptcy Local Rule 9014-1(e) and Bankruptcy Rule 6003(a), which authorizes the Court to grant relief within the first twenty-one (21) days after the commencement of a Chapter 11 case to the extent necessary to avoid significant prejudice to the Debtor and its estate. As

---

[1] The last four digits of the Debtor's federal tax identification numbers are 7528.

described below and in the First Day Declaration, immediate and irreparable harm to the Debtor's business operations would result if the relief requested herein is not granted. The Debtor filed this Motion as early as practicable and submits that emergency consideration is warranted to prevent disruption to the Debtor's operations and that the requirements of Bankruptcy Rule 6003 are satisfied. The Debtor will file a separate motion to expedite.

## JURISDICTION & VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (M). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The bases for the relief requested are derived from Title 11 of the United States Code (the "**Bankruptcy Code**") §§ 105(a), 503, 507, 1129, and Rules 2002, 2016, 9013, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). In addition, this Motion is made in accordance with Local Bankruptcy Rule 9013-1.

4. This Motion does not ask for relief premised on the adjudication of non-bankruptcy related issues. As such, the Court is not divested of its ability to enter a final order and the relief sought herein does not infringe on the U.S. Supreme Court precedent in *Stern v. Marshall*, 564 U.S. 462 (2011).

## RELEVANT FACTS

### A. Filing of the Bankruptcy

5. The Debtor is a Texas limited liability company with its principal office located at 132 County Road 305, Burnet, TX 78611. Reliable Tire Disposal is a Texas-based tire recycling and environmental services company. The Debtor specializes in the collection, transportation, processing, recycling, and disposal of scrap tires generated by tire retailers, automotive service providers, municipalities, and other commercial customers throughout Texas. Its operations

include tire pickup services, tire shredding and processing, recycling and recovery of tire-derived materials, and environmentally compliant disposal solutions. The Debtor also operates a large-scale tire processing facility and focuses on providing customers with a comprehensive solution for managing waste tires while promoting recycling, environmental stewardship, and regulatory compliance.

6. On June 9, 2026 (the "*Petition Date*"), the Debtor filed a voluntary petition under Chapter 11, Subchapter V of the Bankruptcy Code.

7. As of the Petition Date, the Debtor continues to manage and operate its business as a debtor in possession pursuant to §§ 1182 and 1184 of the Bankruptcy Code. A Subchapter V Trustee has yet to be appointed.

8. Additional information concerning the Debtor's business and affairs, pre-petition indebtedness, and the events leading up to the Petition Date is set forth in the *Declaration of Gary Thomas in Support of the Debtor's First Day Motions and Voluntary Petition* [Dkt. No. 15] (the "*First Day Declaration*"), which is incorporated herein by reference.

**B. Ordinary Course Vendor Payments and Timing-Based Pre-Petition Amounts**

9. The Debtor operates a tire recycling facility. The Debtor regularly transacts with vendors including: Chapman Truck Service; Frontier Communication; Toll Roads; Hoover Building Supply; McKinney Trailer Rentals; Southern Tire Mart; Waste Management (collectively, the "*Ordinary Course Vendors*"). These vendors collectively form the Debtor's ordinary course supply chain and are necessary for continued operations. Many of these vendors do business on Net-30 terms or are paid when services are rendered.

10. Due to the Debtor's billing and payment cycles, certain amounts may overlap with the Petition Date and be technically classified as pre-petition, even though they arise from routine,

ordinary course transactions but are not delinquent. The Debtor does not seek to prefer any creditor, but requests authority to pay such amounts so that its ordinary course payment practices may continue uninterrupted. Without this relief, the Debtor may be unable to pay routine obligations solely due to timing, which could disrupt vendor relationships and operations. This also ensures the Debtor does not run afoul of paying current amounts that are technically pre-petition.

11.     Accordingly, the Debtor seeks authority to continue paying its Ordinary Course Vendors, including any pre-petition amounts that arise solely as a function of timing.

## C.  Pre-Petition Claims of Critical Vendor

12.     The Debtor also seeks authority to pay pre-petition amounts owed to certain vendors that are both delinquent and critical to its operations. Unlike the Ordinary Course Vendors described above, these vendors have an outstanding balance and may cut ties with the Debtor if not paid. Specifically, the Debtor seeks authority to pay amounts owed to the following vendors (the "*Critical Vendors*").

| Vendors | Service and Need for the Debtor | Pre-Petition Amounts Owed |
|---|---|---|
| Barclay Roto-Shred | Manufacturer of industrial tire recycling equipment, including shredders, grinders, and complete processing systems used to convert scrap tires into reusable products and recyclable materials. This Critical Vendor serves at the heart of the Debtor's business. The Debtor must have proper shredding equipment in order to operate.<br><br>Given the high amount owed to this Critical Vendor, the Debtor is still seeking authorization to pay the full amount and will negotiate small monthly payments. Projected amounts have been accounted for within its interim cash collateral budget. Given the Debtor's relationship with this vendor, the Debtor projects a payment of $2,000.00 every two weeks, with the remainder to be addressed in the Chapter 11 Plan. | $101,903.11 |

| Silver Creek Materials | Fort Worth-based recycling and materials recovery company that processes waste materials, including tires, and produces compost, aggregates, and other recycled products for commercial and construction uses. This Critical Vendor helps to move material in and out once it's processed. As of the filing of this Motion, they have suspended business with the Debtor until payments are established.<br><br>The contemplates paying this amount at $10,000 every two weeks for two months, then paying the remaining $13,000 thereafter. | $53,000.00 |
| Arnold Oil Company Fuels | Texas-based distributor of fuels, lubricants, automotive products, and fleet maintenance supplies serving commercial, industrial, and automotive customers throughout Texas. This company provides fuel for the Debtor's on-site equipment. The fuel is stored in large containers provided by the Critical Vendor. Changing this vendor would require removal of the tanks, resulting in high cost and a need to find another fuel provider.<br><br>The Debtor contemplates paying this amount at $7,084.58 every two weeks until paid in full. This is accounted for in the interim cash collateral budget. | $14,169.15 |
| Pedernales Electric Cooperative ("*PEC*") | Energy company that provides electricity to the Debtor. This is the *only* electric utility available to the Debtor in the area. The Debtor is seeking authorization to pay PEC as a critical vendor, rather than as a utility company under 11 U.S.C. § 366 because the amount owed is not for unpaid electrical services, but for the cost of a transformer destroyed during a fire experienced by the Debtor. Furthermore, to the Debtor's knowledge, this is the only utility with whom the Debtor has a past due balance.<br><br>The Debtor contemplates paying this amount in a lump. This is accounted for in the interim cash collateral budget. | $10,710.56 |

**D. Payment Terms for Critical Vendors**

13. For the reasons stated above, the Debtor seeks authority to pay the pre-petition amounts as necessary to preserve the vendor relationships and maintain operations.

14. Some of the Debtor's Critical Vendors will be paid in a lump, while other balances will be negotiated to be paid overtime. Given the exigency of the need, the Debtor respectfully requests that the above balances be approved (but not required) and that the Debtor and individual

critical vendor be free to work out payment terms. The Debtor will ensure that any payments made will stick within its cash collateral budget.

**E. Payment of Current Pre-petition Utilities**

15. The Debtor pays all utility providers timely in the ordinary course of business, as is customary. However, utilities are typically paid in arrears for services that were provided for the month prior. Accordingly, as of the Petition Date, any amounts owed to utility providers may technically include pre-petition charges, even though such obligations are not delinquent. Out of an abundance of caution, the Debtor seeks authority to continue paying such amounts in the ordinary course to ensure that routine payments made in accordance with historical practices do not violate the Bankruptcy Code. This requested relief is not intended to circumvent or substitute for relief under 11 U.S.C. § 366. Should this change, the Debtor will seek subsequent relief under a separate motion under 11 U.S.C. § 366.

## BASIS FOR RELIEF

16. Courts have recognized that it is appropriate to authorize the payment of pre-petition obligations where necessary to protect and preserve the estate, including an operating business's going-concern value. *See, e.g., In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002); *see also In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) ("The ability of a Bankruptcy Court to authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept."); *Armstrong World Indus., Inc. v. James A. Phillips, Inc.*, (*In re James A. Phillips, Inc.*), 29 B.R. 391, 398 (S.D.N.Y. 1983).

17. Section 363(b) of the Bankruptcy Code permits a debtor, subject to court approval, to pay pre-petition obligations where a sound business purpose exists for doing so. *See*

*Ionosphere Clubs*, 98 B.R. at 175 (noting that section 363(b) provides "broad flexibility" to authorize a debtor to honor pre-petition claims where supported by an appropriate business justification). In addition, under section 1107(a) of the Bankruptcy Code, a debtor in possession is given the same rights and powers as a trustee appointed in a bankruptcy case, including the "implied duty of the debtor-in-possession to 'protect and preserve the estate, including an operating business' going-concern value.'" *See, e.g., In re CEI Roofing, Inc.*, 315 B.R. 50, 59 (Bankr. N.D. Tex. 2004) (quoting *CoServ*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002)).

18.     No provision of the Bankruptcy Code expressly prohibits the post-petition payment of pre-petition claims. Indeed, the above-mentioned sections of the Bankruptcy Code authorize such payments when the payments are critical to preserving the going-concern value of the debtor's estate, as is the case here.

19.     Courts in the Fifth Circuit regularly apply *CoServ's* three-part test to determine whether a pre-petition claim of a "critical vendor" may be paid on a post-petition basis:

> First, it must be critical that the debtor deal with the claimant. Second, unless it deals with the claimant, the debtor risks the probability of harm, or, alternatively, loss of economic advantage to the estate or the debtor's going concern value, which is disproportionate to the amount of the claimant's pre-petition claim. Third, there is no practical or legal alternative by which the debtor can deal with the claimant other than by payment of the claim.

*CoServ, L.L.C.*, 273 B.R. at 498; *see also Mirant Corp.*, 296 B.R. at 429–30.

20.     As explained above, the Critical Vendors provide vital services and goods that are integral to the Debtor's business. Second, the Debtor would suffer considerable harm if it were forced to find replacements because alternative vendors would either increase cost or take too long for transitioning, and the economic harm would outweigh the cost to pay the vendors. Lastly, the only practical way to avoid this is for the Debtor to pay the Critical Vendors their pre-petition amounts owed.

21.     Accordingly, the requested relief is in the best interest of the Debtor's estate and its creditors because it allows the Debtor to continue operating its business without interruption and avoids unnecessary expenses and increased costs that may result from switching vendors/subcontractors.

**REQUEST FOR WAIVER OF BANKRUPTCY RULE 6004**

22.     To the extent the relief requested constitutes a use of property under section 363(b) of the Bankruptcy Code, the Debtor requests that the Court find notice of this Motion adequate under Bankruptcy Rule 6004(a) and waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h). As set forth above, the requested relief is necessary to prevent harm to the Debtor and its estate. Cause therefore exists to waive the fourteen-day stay and permit the relief to take effect immediately.

**RESERVATION OF RIGHTS**

23.     Nothing in this Motion shall be deemed or construed as: (a) an admission as to the amount, validity, priority, or enforceability of any claim against the Debtor; (b) a waiver or limitation of the Debtor's or any other party in interest's right to dispute any claim, lien, or interest; (c) a waiver of any rights or defenses under the Bankruptcy Code or applicable non-bankruptcy law; (d) a waiver of the requirement that any party file a proof of claim; (e) a promise or obligation to pay any particular claim; (f) a waiver of any claims, defenses, or causes of action that may exist against any entity; (g) an admission as to the validity, priority, perfection, or enforceability of any lien or security interest; (h) an admission that any lien satisfied or addressed pursuant to this Motion is valid, with all rights to contest, avoid, or otherwise challenge such liens expressly reserved; or (i) a request or authorization to assume or reject any executory contract or unexpired

lease pursuant to section 365 of the Bankruptcy Code.

## PRAYER

WHEREFORE, the Debtor requests that the Court enter the attached order (i): granting the

Debtor authority to pay its Critical Vendors and utility providers as requested herein, and (ii)

granting any other relief, at law or in equity, to which the Debtor is entitled.

Dated: June 11, 2026

**THE LANE LAW FIRM, PLLC**

By: */s/ Robert C. Lane*
Robert C. Lane
State Bar No. 24046263
Joshua D. Gordon
State Bar No. 24091592
Matthew W. Bourda
State Bar No. 24091948
6200 Savoy, Suite 1150
Houston, Texas 77036
Phone: (713) 595-8200
Fax: (713) 595-8201
Email: notifications@lanelaw.com
        joshua.gordon@lanelaw.com
        matt.bourda@lanelaw.com

*Proposed Counsel for the Debtor and
Debtor in Possession*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Motion was served by United States first class mail, postage prepaid to the parties listed on the attached mailing matrix and to those parties who have subscribed for electronic notices from the Court's PACER system, on June 11, 2026.

*/s/ Robert C. Lane*
Robert C. Lane

Label Matrix for local noticing
0542-1
Case 26-11103-smr
Western District of Texas
Austin
Thu Jun 11 16:55:48 CDT 2026

T7 Enterprises LLC d/b/a Reliable Tire Dispo
132 County Road 305
Austin, TX 78611-4742

U.S. BANKRUPTCY COURT
903 SAN JACINTO, SUITE 322
AUSTIN, TX 78701-2450

ABC HOME  COMMERCIAL SERVICE
9475 E HWY 290
Austin TX 78724-2303

ALINE AUTO PARTS
PO Box 18089
Austin TX 78760-8089

ALL AMERICAN TIRE RECYCLERS
5225 Teague Road 8177794360
Fort Worth TX 76140-8119

AMERICAN LUBE SUPPLY
8165 Whisper Oak
San Antonio TX 78266-4411

ARNOLD OIL COMPANY FUELS
PO Box 18089
Austin TX 78760-8089

ARNOLD OIL COMPANY OF AUSTIN
PO Box 18089
Austin TX 78760-8089

AUSTIN AQUA SYSTEMS
7407 Amsterdam Ln  682553
Arlington TX 760023482

Ainsworth Gorkin PLLC
PO Box 605
New York NY 10038

Ally Bank
PO Box 380901
Minneapolis MN 554380901

American Bank Equipment Finance
Po Box 1090
Cedar Park TX 786301090

Anetra Thomas
3345 E State Highway 29
Iola TX 77861

Apex Commercial Capital
1 Walnut Grove Drive Suite 300
Horsham PA 19044-2201

BARCLAY ROTOSHRED LLC
4455 Infirmary Rd  800543
Miamisburg OH 453421233

BERKLEY ENVIROMENTAL
499 Washington Blvd
Jersey City NJ 07310-1995

BOBCAT OF MARBLE FALLS
PO Box 226814
Dallas TX 75222-6814

BankFinancial NA
1690 Sumneytown Pike Suite 150
Lansdale PA 19446-4885

Beverly Bank  Trust Company NA
2050 Main Street Suite 230
Irvine CA 92614-8264

Blue Bridge Financial LLC
11921 Freedom Dr Suite 1130
Reston VA 20190-6225

Burnet Central Appraisal District
McCreary, Veselka, Bragg & Allen
c/o Julie Anne Parsons
P.O. Box 1269
Round Rock, Tx 78680-1269

CEN TECH AUTOMATION
PO Box 908
Garrison TX 75946-0908

CINTAS
Po Box 650838
Dallas TX 752650838

CITY OF MIDLAND LANDFILL
PO Box 1152
Midland TX 79702-1152

CITY OF PLAINVIEW LANDFILL
202 West 5th Street
Plainview TX 79072-8232

CRF Small Business Loan Company LLC
801 Nicollet Mall 1700W
Minneapolis MN 55402-2532

Caldwell Clark Fanuccchi  Finlayson PLLC
700 N Saint Marys St Ste 1825
San Antonio TX 782053545

Capspark LLC
10 W Broadway 7th Floor
Salt Lake City UT 84101-2060

Chex Systems Inc
Po Box 583399
Minneapolis MN 554583399

(p)PATHWARD  NATIONAL ASSOCIATION
5501 S BROADBAND LANE
SIOUX FALLS SD 57108-2253

DMKA LLC dba The Smarter Merchant
345 7th Avenue
New York NY 10001-5050

ENVIROSERVE INC
9815 South Monroe Street Suite 300
Sandy UT 84070-4297

ERIEZ MANUFACTURING CO
2200 Asbury Road
Erie PA 16506-1402

ERTC Funding LLC
1815 Lakewood Rd Ste 165
Toms River, NJ 08755-1671

Equipment Finance Department
PO Box 80550
City of Industry CA 91716-8407

FLEETPRIDE
PO Box 847118
Dallas TX 75284-7118

First Western Bank  Trust
100 Prairie Center Dr
Eden Prairie MN 55344-5391

Ford Motor Credit Company LLC
PO Box 30201
College Sta TX 77842-3201

GM Financial
801 Cherry Street Ste 3500
Fort Worth TX 76102-6854

GRANUTECH SATURN
201 E Shady Grove Rd
Grand Prairie TX 750506647

HCTRA VIOLATIONS
Dept 8
PO Box 4440
Houston TX 77210-4440

HIGGINBOTHAM
1221 S Mopac Expy Ste 160
Austin TX 787466822

HOLT TRUCKING LLC DBA HOLT IDEALEASE
14201 Hempstead Rd  512389
Houston TX 770404901

HOOVER BUILDING SUPPLY INC
PO Box 457
Burnet TX 78611-0457

Holt Trucking LLC dba Holt Idealease
c/o Zachary J Fanucchi
Caldwell Clark Fanucchi & Finlayson PLLC
700 N St Marys Street, Suite 1825
San Antonio, Texas 78205-3545

Internal Revenue Service
Centralized Insolvency Office
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
Centralized Insolvency Office
PO Box 7346
Philadelphia PA 191017346

JCB Finance
655 Business Center Dr 250
Horsham PA 19044-3448

KIMBALL MIDWEST
4800 Roberts Rd
Columbus OH 432289791

Keystone Equipment Finance Group
433 S Main Street Suite 300
West Hartford CT 06110-2810

LINDE
Dept 0812
Po Box 120812
Dallas TX 753120812

Leaf Capital Funding LLC
2005 Market Street 14th Floor
Philadelphia PA 19103-7009

MCKINNEY TRAILER RENTALS
PO Box 515574
Los Angeles CA 90051-4586

MINUTEMAN RENTALS
2301 S Water Street
Burnet TX 78611-4522

MOTION INDUSTRIES INC
PO Box 849737
Dallas TX 75284-9737

MercedesBenz Fin Servs USA LLC
14372 Heritage Parkway
Fort Worth TX 76177-3300

(p)MITSUBISHI HC CAPITAL AMERICA  INC
1 PIERCE PLACE SUITE 1100 WEST
ITASCA IL 60143-3149

Monetaria
40 Wall St Ste 2504
New York NY 100051336

Navitas Credit Corporation
201 Executive Center Dr Ste 100
Columbia SC 292108410

Northland Cap Fin Servs LLC
PO Box 7278
Saint Cloud MN 56302-7278

OMALLEY TIRE  AUTOMOTIVE
5242 HWY 28 North
Marble Falls TX 78654

Office of The US Trustee
903 San Jacinto Blvd Ste 230
Austin TX 78701-2450

Office of the Texas Attorney General
Bankruptcy and Collections Division
Po Box 12548
Austin TX 787112548

Office of the US Trustee
515 Rusk Street Ste 3516
Houston TX 77002-2604

PEAK TRAILER GROUP
PO Box 268989 Dept 1078
Oklahoma City OK 73126-8989

PEC
PO Box 1
Johnson City TX 78636-0001

(p)PNC BANK RETAIL LENDING
P O BOX 94982
CLEVELAND OH 44101-4982

PURVIS INDUSTRIES INC
PO Box 540757
Dallas TX 75354-0757

(p)PLAINSCAPITAL BANK
ATTN BANKRUPTCY DEPT
PO BOX 660
EDINBURG TX 78540-0660

Providence Capital Funding Inc
2951 Saturn Street Suite E
Brea CA 92821-6206

REPUBLIC SERVICES
7000 E Ih 10
San Antonio TX 782194802

(p)CENTRAL TEXAS REGIONAL MOBILITY AUTHORITY
3300 N INTERSTATE 35 SUITE 300
AUSTIN TX 78705-1857

ROTEX GLOBAL LLC
Po Box 630317
Cincinnati OH 452630317

(p)SILVER CREEK MATERIALS
PO BOX 150665
FORT WORTH TX 76108-0665

SPECTRUM VOIP
7600 Windrose Ave Unit 350
Plano TX 75024-0169

STRIPES
Po Box 6293
Carol Stream IL 601976293

T7 Enterprises LLC dba Reliable Tire Disposa
132 County Road 305
Burnet TX 786114742

TeleCheck Services Inc
Po Box 6806
Hagerstown MD 217416806

The Lane Law Firm
6200 Savoy Dr Ste 1150
Houston TX 770363369

The Lane Law Firm
6200 Savoy Dr Ste 1150
Houston, TX 77036-3369

U.S. Small Business Administration
1545 Hawkins Blvd, Suite 202
El Paso, TX 79925-2654

US Attorney General
Department of Justice
950 Pennsylvania Avenue NW
Washington DC 20530-0009

(p)U S  BANK
4801 FREDERICA STREET
OWENSBORO KY 42301-7441

United States Attorneys Office
903 San Jacinto Blvd Ste 334
Austin TX 787012449

United States Trustee - AU12
United States Trustee
903 San Jacinto Blvd, Suite 230
Austin, TX 78701-2450

Unruh Turner Burke  Frees Attorneys at Law
PO Box 515
West Chester PA 19381-0515

WILLIAMS MULLEN
Attn Julia A. Rust
222 Central Park Avenue Suite 1700
Virginia Beach, VA 23462-3035

Waste Mgmt Williamson Cnty Landfill
600 Landfill Road
Hutto TX 78634-3331

Wheeler Fin from Pitney Bowes Inc
Parkside Tower
215 S State St Ste 320
Salt Lake City UT 841112332

Xtra Lease LLC
7911 Forsyth Blvd 600
Saint Louis MO 63105-3877

Michael G. Colvard
Martin & Drought, PC
Weston Centre
112 E Pecan St, Suite 1616
San Antonio, TX 78205-8902

Robert Chamless Lane
The Lane Law Firm PLLC
6200 Savoy Dr Ste 1150
Houston, TX 77036-3369

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Crestmark a Division of MetaBank NA
5480 Corporate Dr Ste 350
Troy MI 480982642

Mitsubishi HC Capital America
One Pierce Place Suite 1100 West
Itasca IL 60143

PNC Bank National Association
655 Business Center Dr
Horsham PA 190443409

Plains Capital Bank
325 N Saint Paul St 800
Dallas TX 752013801

(d)PlainsCapital Bank
PO Box 93600
Lubbock TX 79493

RMA TOLL
1321 Rutherford Ln Ste 120
Austin TX 787536745

SILVER CREEK MATERIALS
2251 Silver Creek Rd
Fort Worth TX 761089710

US Bank
200 S 6th St
Minneapolis, MN 55402-1403

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)GM Financial
801 Cherry Street Ste. 3500
Fort Worth, TX 76102-6854

(u)RS GROUP

(u)XTRA Lease LLC
401 County Road 311

End of Label Matrix
Mailable recipients    92
Bypassed recipients     3
Total                  95