**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| In re: | Case No. 26-11103-smr |
| T7 Enterprises LLC d/b/a Reliable Tire Disposal,[1] | Chapter 11 |
| Debtor. | |

**ORDER GRANTING**
**THE DEBTOR'S MOTION**
**FOR ENTRY OF AN ORDER AUTHORIZING**
**THE PAYMENT OF PRE-PETITION CRITICAL VENDOR CLAIMS AND UTILITIES**
**(Related to Dkt. No. ___)**

After considering T7 Enterprises LLC d/b/a Reliable Tire Disposal's (the "***Debtor***")

*Motion for Entry of an Order Authorizing the Payment of Pre-Petition Critical Vendor Claims and*

*Utilities* (the "***Motion***"),[2] and the Court having jurisdiction over this matter pursuant to 28 U.S.C.

§ 1334; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper

---

[1] The last four digits of the Debtor's federal tax identification numbers are 7528.

[2] Capitalized terms used but not otherwise defined herein are intended to have the same meaning as defined in the Motion.

in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having considered the Motion, any objections thereto, and the record of this case; and the Court having determined that the relief requested is in the best interests of the Debtor and its estate; and after due deliberation and sufficient cause appearing, it is hereby **ORDERED**, that:

1.      The Motion is **GRANTED.**

2.      The Debtor is authorized, but not directed, to pay any pre-petition claim of any Critical Vendor identified in the Motion, not to exceed the stated amount.

3.      The Debtor is authorized to continue paying its Ordinary Course Vendors and utility providers as amounts become due in the ordinary course of business.

4.      The Debtor is authorized to continue paying its utility providers in the ordinary course of business, including any amounts that accrued on account of services rendered pre-petition.

5.      Notwithstanding anything to the contrary herein, prior to or contemporaneous with making any payment pursuant to this Order to a Critical Vendor or utility provider, the Debtor shall provide such Critical Vendor or utility provider with a copy of this Order (unless previously provided to such party).

6.      Nothing herein shall impair or prejudice the rights of the U.S. Trustee, which are expressly reserved, to object to any payment made pursuant to this Order to an insider (as such term is defined in section 101(31) of the Bankruptcy Code), or an affiliate of an insider, of the Debtor. To the extent the Debtor intends to make a payment to an insider or an affiliate of an insider of the Debtor, the Debtor shall, to the extent reasonably practicable, provide three (3) business days' advance notice to, and opportunity to object by the U.S. Trustee and any statutory

committee appointed in this Chapter 11 case; provided, that if any party objects to the payment, the Debtor shall not make such payment without further order of the Court.

7.      This Order shall be immediately effective and enforceable upon its entry.

8.      The requirements of Bankruptcy Rule 6004(a) are deemed satisfied, and the fourteen-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived, and this Order shall be effective immediately upon entry.

9.      The Court retains jurisdiction to interpret and enforce this Order.

### END OF ORDER ###

Submitted by:

**THE LANE LAW FIRM, PLLC**

By: */s/ Robert C. Lane*
Robert C. Lane
State Bar No. 24046263
Joshua D. Gordon
State Bar No. 24091592
Matthew W. Bourda
State Bar No. 24091948
6200 Savoy, Suite 1150
Houston, Texas 77036
Phone: (713) 595-8200
Fax: (713) 595-8201
Email:   notifications@lanelaw.com
            joshua.gordon@lanelaw.com
            matt.bourda@lanelaw.com

*Proposed Counsel for the Debtor and*
*Debtor in Possession*