**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| In re:<br><br>T7 Enterprises LLC d/b/a Reliable Tire Disposal,[1]<br><br>Debtor. | Case No. 26-11103-smr<br><br>Chapter 11 |

**COVER SHEET FOR THE FIRST AND FINAL FEE APPLICATION OF**
**THE LANE LAW FIRM, PLLC AS COUNSEL FOR THE DEBTOR IN POSSESSION**

| | |
|---|---|
| **Capacity**:<br>Counsel to the Debtor and Debtor in Possession | **Time Period**:<br>June 9, 2026 through September 18, 2026 |
| **Petition Date**: June 9, 2026 | |
| **Date of Entry of Retention Order**:<br>September 14, 2026 (Dkt. No. 191) | **Status of Case**:<br>Dismissed on September 18, 2026 (Dkt. No. 198) |
| | |
| **Amount Requested** | **Reductions** |
| Fees: $58,232.50 | Voluntary Fee Reductions: $0.00 |
| Expenses: $5,199.07 | Expense Reductions: $0.00 |
| Other: N/A | Total Reductions: $0.00 |
| **Total: $63,431.57** | |
| | |
| **Draw Down Request** | **Expense Detail** |
| Retainer Received: $0.00 | Copies - per page cost and total: $0.19/page; $1,047.12 total |
| Previous Draw Down(s): $29,964.30 | Fax - per page cost and total: $0.00 |
| Remaining Retainer (now): $0.00 | Computer Research: $0.00 |
| Requested Draw Down: $0.00 | Postage: $3,764.05 |
| Retainer Remaining (after): $0.00 | Other: $387.90 |

| **Hourly Rates** | **Attorney** | **Paralegal/Legal Assistant** |
|---|---|---|
| Highest Rate: | $650.00/$625.00 | $250.00/$230.00 |
| Total Hours Billed: | 0.20/90.50 | 5.70/0.50 |

[1] The last four digits of the Debtor's federal tax identification numbers are 7528.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| In re:<br><br>T7 Enterprises LLC d/b/a Reliable Tire Disposal,[1]<br><br>Debtor. | Case No. 26-11103-smr<br><br>Chapter 11 |

**FIRST AND FINAL FEE APPLICATION OF**
**<u>THE LANE LAW FIRM, PLLC AS COUNSEL FOR THE DEBTOR IN POSSESSION</u>**

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN 21 DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD. ANY RESPONSE MUST BE TIMELY FILED WITH THE UNITED STATES BANKRUPTCY CLERK, WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION, 903 SAN JACINTO BLVD, SUITE 322, AUSTIN, TEXAS 78701. IF A TIMELY RESPONSE IS FILED, THE COURT WILL THEN SET A HEARING ON THE MOTION, AND YOU WILL BE PROVIDED WITH NOTICE OF THE DATE, TIME, AND PLACE OF THE HEARING. IF YOU DO NOT ATTEND THE HEARING, THE COURT MAY DECIDE THAT YOU DO NOT OPPOSE THE MOTION.**

**TO THE HONORABLE SHAD M. ROBINSON,**
**UNITED STATES BANKRUPTCY JUDGE:**

The Lane Law Firm, PLLC ("***Lane Law Firm***"), counsel to T7 Enterprises LLC d/b/a Reliable Tire Disposal ("***T7***") while T7 operated as a debtor in possession, files this *First and Final Fee Application* (the "Application") for compensation for legal services rendered and reimbursement of expenses incurred from June 9, 2026, through and including September 18, 2026 (the "Application Period"), and respectfully shows as follows:

## AMOUNTS SOUGHT IN THIS FEE APPLICATION

1. Lane Law Firm seeks final allowance of $58,232.50 in attorneys' fees and $5,199.07 for expenses, for a total of $63,431.57, for services rendered and expenses incurred

[1] The last four digits of the Debtor's federal tax identification numbers are 7528.

during the Application Period. **Exhibits A and B** itemize those amounts and show that they remain unpaid. Exhibit C contains

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The bases for the relief requested are derived from sections 105(a), 330, and 503(b)(2) of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2016 and 9013 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. This Application does not ask for relief premised on the adjudication of non-bankruptcy related issues. As such, the Court is not divested of its ability to enter a final order and the relief sought herein does not infringe on the U.S. Supreme Court precedent in *Stern v. Marshall*, 564 U.S. 462 (2011).

## PROCEDURAL HISTORY

4. T7 filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on June 9, 2026 (the "***Petition Date***").

5. Through September 18, 2026, T7 managed and operated its business as a debtor in possession under 11 U.S.C. §§ 1182 and 1184. Michael G. Colvard was appointed as the Subchapter V Trustee.

6. On June 11, 2026, T7 filed a *Motion for Entry of an Order Authorizing Payment of Pre-Petition Wages in the Ordinary Course of Business* and a *Motion for Authority to Use Cash Collateral*. *See* Dkt. Nos. 16 and 22, respectfully. The Court entered an interim cash collateral

order on June 16, 2026 (Dkt. No. 40), and a second interim cash collateral order on July 30, 2026 (Dkt. No. 124).

7. On September 9, 2026, T7 filed its *Agreed Motion to Dismiss Case*. Dkt. No. 180. On September 18, 2026, the Court entered the *Order Dismissing the Debtor's Case* (the "***Dismissal Order***"). Dkt. No. 198. The Dismissal Order dismissed the case without prejudice, terminated the automatic stay to the extent applicable, provided that the effects of 11 U.S.C. § 349(b) apply, and retained jurisdiction to consider and determine professional fee applications. It requires those applications to be filed within 45 days after entry. Dismissal Order ¶¶ 2, 3, 5, and 12.

**EMPLOYMENT OF THE LANE LAW FIRM, PLLC**

8. An *Application to Employ the Lane Law Firm, PLLC as counsel for the Debtor in Possession* was filed on July 8, 2026 (Dkt. No. 80), and the Court approved the application on September 14, 2026 (Dkt. No. 191).

9. Lane Law Firm has not rendered services that unnecessarily duplicated services performed by any other professional retained by the estate.

10. All services for which Lane Law Firm seeks compensation and reimbursement were rendered or incurred on behalf of T7 and its bankruptcy estate. Lane Law Firm has neither shared nor agreed to share any compensation or reimbursement awarded in this case with anyone other than the Firm's members and employees, and it has not entered into any undisclosed agreement concerning compensation or reimbursement. Exhibits A and B show no payments on the invoices submitted with this Application. No retainer remains available to apply against them, leaving an unpaid balance of $63,431.57.

11. Below is a table of all professionals who have billed time during the Application Period, their title, billable rate, and total hours:

| Professional | Title | Hourly Rate | Hours | Total Fees |
|---|---|---|---|---|
| Robert C. Lane | Managing Partner | $650.00 | 0.20 | $130.00 |
| Joshua D. Gordon | Partner | $625.00 | 0.40 | $250.00 |
| Matthew W. Bourda | Senior Counsel | $625.00 | 90.10 | $56,312.50 |
| David Leger | Senior Paralegal | $250.00 | 5.50 | $1,375.00 |
| Michael C. Baker[2] | Office Manager | $250.00 | 0.20 | $50.00 |
| Quiana Griffin | Paralegal | $230.00 | 0.50 | $115.00 |
| **TOTAL** | | | **96.90** | **$58,232.50** |

12. The blended hourly billing rate for all professionals who rendered services during the Application Period was approximately $600.95.

**SUMMARY OF SERVICES PERFORMED DURING THE APPLICATION PERIOD**

**A. Preparation of First-Day Matters**

13. Lane Law Firm prepared T7's first-day declaration and motions addressing cash collateral, pre-petition wages, banking, insurance, critical vendors, and other immediate operating needs. The Firm prepared proposed orders, budgets, notices, witness and exhibit lists, and testimony; consulted with T7, the United States Trustee, and the Subchapter V Trustee; and represented T7 at the first-day hearing. It also addressed pending litigation and creditor notices immediately after the petition was filed. This work sought to preserve access to cash, employees, insurance, and essential services while T7 operated under Chapter 11.

**B. Cash Collateral**

14. During the Application Period, Lane Law Firm negotiated, drafted, and revised T7's cash collateral budget and proposed orders, coordinated with secured creditors and the United States Trustee, prepared hearing testimony and exhibits, represented T7 at interim and second interim cash collateral hearings, and addressed post-hearing compliance issues. These efforts resulted in entry of an interim cash collateral order at Docket No. 40 and a second interim cash

[2] Michael C. Baker serves as Lane Law Firm's Office Manager and does not ordinarily bill time to client matters. When Mr. Baker performs case-specific services that would otherwise be performed by a paraprofessional, his time is billed at Lane Law Firm's paraprofessional rate.

collateral order at Docket No. 124. The relief permitted T7 to continue paying payroll, insurance, vendors, taxes, vehicle expenses, and other operating costs while protecting the asserted interests of secured creditors.

**C. Case Operations and Compliance**

15. During the Application Period, Lane Law Firm advised T7 on debtor in possession accounts, banking restrictions, receivables, insurance, payments, and United States Trustee requirements. The Firm prepared T7 for the initial debtor interview and meeting of creditors, prepared the Subchapter V status report, assisted with amendments to the schedules and Statement of Financial Affairs, and worked on the June and July monthly operating reports. It also prepared applications to employ special litigation counsel, an accountant, and environmental counsel; pursued authority to maintain an existing bank account; and prepared a motion concerning the lease of a replacement shredder.

**D. Critical Vendors, Insurance, and Receivables**

16. Lane Law Firm addressed insurance coverage, critical vendor payments, and access to receivables needed for T7's operations. The Firm pursued insurance and critical vendor relief and communicated with WEX, Silver Creek Materials, Waste Management, Barclay Roto-Shred, and other parties concerning continued service and payment. It also worked with T7 and creditor counsel on account restrictions and the release of withheld funds. These services addressed immediate operating needs while the case remained pending.

**E. Claims and Secured Creditor Matters**

17. Lane Law Firm began reviewing filed claims, including PNC Bank's proofs of claim and a potentially duplicative Wells Fargo claim. The Firm reviewed asserted liens and collateral interests, discussed adequate protection with equipment and vehicle creditors, prepared

a stipulation involving Keystone Equipment, and addressed stay-relief matters involving PNC Bank, LEAF, EnviroServe, and Mitsubishi. This work allowed T7 to assess its secured obligations and respond to creditor demands while the case remained pending.

**F. Merchant Cash Advance and Receivables Issues**

18. Lane Law Firm reviewed a UCC-1 financing statement asserted by DMKA, communicated with T7 about the asserted lien and restrictions on its funds, and contacted creditor counsel about releasing withheld receivables. The Firm also discussed merchant cash advance issues and potential settlement with T7. These efforts addressed T7's access to operating funds while the case remained pending.

**G. Plan Feasibility and Projections**

19. Lane Law Firm began evaluating T7's prospects for a Subchapter V plan. The Firm prepared an outline for financial projections, requested projections from T7, reviewed five-year projections supplied by T7, and discussed the plan filing deadline and its relationship to T7's regulatory issues. That work helped T7 assess whether continued pursuit of a Chapter 11 plan was practicable.

**H. Environmental Compliance and Dismissal**

20. Lane Law Firm addressed regulatory issues involving the Texas Commission on Environmental Quality ("***TCEQ***") as they developed during the case. The Firm reviewed alleged violation materials, communicated with T7, TCEQ, and the Texas Office of the Attorney General, and coordinated with the United States Trustee and Subchapter V Trustee. Lane Law Firm also prepared papers to employ environmental counsel, sought expedited consideration, prepared for the employment hearing, and worked with T7 and proposed environmental counsel on the regulatory issues and the case's direction.

21. After T7 determined that continued Chapter 11 administration was not practicable, Lane Law Firm prepared the agreed motion to dismiss, a proposed order, a motion to expedite, and hearing materials. The Firm consulted with TCEQ, the United States Trustee, the Subchapter V Trustee, secured creditors, and other affected parties; appeared at the September 17, 2026 dismissal hearing; and worked on the proposed dismissal order. The Court entered the Dismissal Order on September 18, 2026.

22. Lane Law Firm prepared this final fee application during the Application Period. The Dismissal Order preserved the Court's jurisdiction to determine the fees and expenses of professionals employed in the case.

**I. Client Communication**

23. Throughout the Application Period, Lane Law Firm communicated regularly with T7's management about operating needs, banking and receivables, insurance, creditor demands, financial reporting, employment of other professionals, TCEQ compliance, plan feasibility, and dismissal. Attorneys and staff coordinated these matters as they arose and advised T7 as its circumstances changed.

## BASIS FOR RELIEF

**A. Memorandum of Law**

24. Section 330(a) authorizes reasonable compensation for actual, necessary services and reimbursement of actual, necessary expenses. In assessing compensation, the Court considers the nature, extent, and value of the services, including whether they were necessary to administer the case or reasonably likely to benefit the estate when rendered. Compensation and reimbursement awarded under § 330(a) are allowable as an administrative expense under § 503(b)(2). The Dismissal Order expressly retains jurisdiction to determine this Application.

25. In determining the reasonableness of compensation under § 330, bankruptcy courts within the Fifth Circuit generally consider the factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). Under *Johnson*, the court may consider: (1) time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the professional services properly; (4) the preclusion of other employment by the professional due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the professionals; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717–19.

26. Determining what constitutes reasonable compensation is soundly within the discretion of the bankruptcy court, because the court is in the best position to determine the reasonableness of a proposed fee. *See In re Anderson v. Anderson (In re Anderson)*, 936 F.2d 199, 204 (5th Cir. 1991). In determining whether Lane Law Firm has met its burden of proof under Section 330(a), the Court must first ascertain the nature and extent of the necessary and appropriate services that Lane Law Firm has rendered and then assess the reasonable value of those services. *In re Lawler*, 807 F.2d 1207, 1210–11 (5th Cir. 1987).

27. The Fifth Circuit's opinion in the *Woerner* case marked a change in the analysis to be conducted by the Court in determining what is compensable under 11 U.S.C. § 330. *Barron & Newburger, P.C. v. Tex. Skyline, Ltd*. (*In re Woerner*), 783 F.3d 266 (5th Cir. 2015). In *Woerner*, the Fifth Circuit joined the majority of circuits to adopt a prospective test for determining whether professional services are compensable. *Woerner* reversed the Fifth Circuit's prior use of a retrospective test, under which professionals could only be compensated for services that actually

resulted in a tangible, identifiable, and material benefit to the estate. *See In re Pro-Snax Distributors, Inc.*, 157 F.3d 414, 426 (5th Cir. 1998).

28. The new prospective test is "whether the services were necessary . . . or beneficial at the time at which the service was rendered." *Id.* at 268, 273–74. "Whether the services were ultimately successful is relevant to, but not dispositive of, attorney compensation." *Woerner,* 783 F.3d at 276. In sum, the Fifth Circuit held that Section 330 "permits a court to compensate an attorney not only for activities that were 'necessary,' but also for good gambles—that is, services that were objectively reasonable at the time they were made—even when those gambles do not subsequently (or eventually) produce an 'identifiable, tangible, and material benefit.'" *Id.* at 273–74. If professional services were either "'necessary to the administration' of a bankruptcy case or 'reasonably likely to benefit' the bankruptcy estate 'at the time at which [they were] rendered,' then the services are compensable." *Id.* at 276.

**B. Application of the *Johnson* Factors**

29. **The Time and Labor Required**. Lane Law Firm devoted 96.90 hours to T7's case during the Application Period. Its work included first-day relief, interim cash collateral, banking and receivables, critical vendors, insurance, a proposed shredder lease, employment of other professionals, monthly reporting, claims and secured creditor issues, TCEQ matters, and dismissal. Exhibit A records the work performed and the time charged. The scope of the work and the need to respond promptly to operating and regulatory issues support the requested compensation.

30. **The Novelty and Difficulty of Questions Presented**. The case involved T7's need for continued access to cash, vehicles, equipment, vendors, insurance, and receivables while operating a tire disposal business. It also required the Firm to address asserted liens, equipment and vehicle claims, a proposed replacement shredder lease, and developing TCEQ compliance

issues. As those issues developed, counsel had to assess whether T7 could continue in Chapter 11 and pursue a plan. These matters required legal judgment and practical coordination with T7, creditors, regulators, and other professionals.

31. **The Skill Required to Perform the Professional Services Properly**. The representation required experience with Subchapter V administration, cash collateral, secured creditor negotiations, stay-relief disputes, employment of professionals, and the effect of regulatory issues on a pending Chapter 11 case. Lane Law Firm applied that experience to seek operational relief, address creditor demands, coordinate environmental counsel, assess plan feasibility, and obtain dismissal on agreed terms.

32. **Preclusion of Other Employment**. This representation did not prevent Lane Law Firm from accepting other matters, but it required prompt attention and substantial professional time over the approximately three months between the petition and dismissal. First-day relief, cash collateral, creditor disputes, TCEQ developments, and the expedited dismissal hearing required the Firm to respond as events arose.

33. **The Customary Fee**. The hourly rates charged in this case are the same rates customarily charged by Lane Law Firm to similarly situated clients for comparable bankruptcy and restructuring services. Lane Law Firm believes these rates are consistent with rates charged by attorneys possessing comparable experience and expertise practicing before this Court.

34. **Whether the Fee is Fixed or Contingent**. Lane Law Firm's engagement is based upon customary hourly billing and is not contingent upon any particular outcome obtained in this case.

35. **Time Limitations Imposed by the Client or the Circumstances**. T7 needed immediate authority to use cash collateral and address wages, banking, insurance, and vendors.

The Firm also worked within reporting and Subchapter V deadlines, sought prompt consideration of environmental counsel's employment, and prepared the agreed dismissal motion for an expedited hearing. Exhibit A reflects the concentrated work required by those deadlines.

36. **The Amount Involved and the Results Obtained**. Lane Law Firm obtained interim cash collateral relief and pursued other relief needed for T7 to operate during the case. It addressed banking and receivables restrictions, critical vendors, insurance, claims, secured creditor demands, and TCEQ matters. As the regulatory issues and costs of continued Chapter 11 administration became clearer, the Firm helped T7 evaluate its options and obtained dismissal without prejudice on agreed terms. The case ended before plan confirmation, but the services described in Exhibit A addressed T7's needs as they arose.

37. **The Experience, Reputation, and Ability of the Professionals**. The professionals who rendered services in this case possess substantial experience representing debtors, creditors, trustees, and other parties in Chapter 11 proceedings. That experience includes Subchapter V cases, cash-collateral proceedings, secured-creditor disputes, claims reconciliation, plan negotiations, creditor solicitation, and contested confirmation proceedings before bankruptcy courts throughout Texas.

38. **The Undesirability of the Case**. The representation was not undesirable. It did, however, require Lane Law Firm to devote substantial resources to a financially distressed client under compressed deadlines, with compensation delayed and subject to Court approval. On balance, this factor neither materially supports nor detracts from the requested compensation.

39. **The Nature and Length of the Professional Relationship with the Client**. Lane Law Firm represented T7 during its Chapter 11 case, from the Petition Date through dismissal.

The Firm worked with T7's management on immediate operating relief, bankruptcy compliance, creditor issues, regulatory matters, and the decision to seek dismissal.

40. **Awards in Similar Cases**. The compensation requested is consistent with compensation approved by this Court and other bankruptcy courts within the Western District of Texas and throughout Texas in similarly situated Subchapter V and small business Chapter 11 cases.

41. The services described in Exhibit A were actual and necessary or reasonably likely to benefit T7's estate when rendered. Exhibits A and B document the requested fees and expenses, and the application of the *Johnson* factors supports their reasonableness. The subsequent dismissal does not change the circumstances under which the services were performed. Lane Law Firm therefore requests final allowance of $58,232.50 in fees and $5,199.07 in expenses under §§ 330 and 503(b)(2) of the Bankruptcy Code and the prospective standard stated in *Barron & Newburger, P.C. v. Tex. Skyline, Ltd. (In re Woerner)*, 783 F.3d 266, 276 (5th Cir. 2015) (en banc).

## PRAYER

WHEREFORE, Lane Law Firm respectfully requests that the Court enter an order: (a) allowing, on a first and final basis, compensation of $58,232.50 and reimbursement of expenses of $5,199.07 for the period from June 9, 2026, through September 18, 2026, for a total final award of $63,431.57; (b) determining that no retainer remains available for application against the amounts awarded; (c) allowing the total unpaid balance of $63,431.57 as an administrative expense under §§ 330 and 503(b)(2) of the Bankruptcy Code; (d) authorizing and directing T7 to pay Lane Law Firm $63,431.57 within ten business days after entry of the Court's order; and (e) granting Lane Law Firm such other and further relief, at law or in equity, to which it may be justly entitled.

Dated: September 23, 2026

**THE LANE LAW FIRM, PLLC**

By: */s/ Robert C. Lane*
Robert C. Lane
State Bar No. 24046263
Matthew W. Bourda
State Bar No. 24091948
6200 Savoy, Suite 1150
Houston, Texas 77036
Phone: (713) 595-8200
Fax: (713) 595-8201
Email: notifications@lanelaw.com
matt.bourda@lanelaw.com

*Counsel for T7 Enterprises, LLC d/b/a Reliable Tire Disposal, the former Debtor and Debtor in Possession*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the First and Final Fee Application was served to those parties who have subscribed for electronic notices from the Court's PACER system, on September 23, 2026. I also certify that a mailing by United States First Class mail, postage prepaid, will commence to those parties listed on the attached mailing matrix on September 24, 2026. A subsequent certificate of service will be filed once the mailing is complete.

*/s/ Robert C. Lane*
Robert C. Lane

Label Matrix for local noticing
0542-1
Case 26-11103-smr
Western District of Texas
Austin
Wed Sep 23 18:20:25 CDT 2026

T7 Enterprises LLC d/b/a Reliable Tire Dispo
132 County Road 305
Austin, TX 78611-4742

U.S. BANKRUPTCY COURT
903 SAN JACINTO, SUITE 322
AUSTIN, TX 78701-2450

ABC HOME COMMERCIAL SERVICE
9475 E HWY 290
Austin TX 78724-2303

ALINE AUTO PARTS
PO Box 18089
Austin TX 78760-8089

ALL AMERICAN TIRE RECYCLERS
5225 Teague Road 8177794360
Fort Worth TX 76140-8119

AMERICAN LUBE SUPPLY
8165 Whisper Oak
San Antonio TX 78266-4411

ARNOLD OIL COMPANY FUELS
PO Box 18089
Austin TX 78760-8089

ARNOLD OIL COMPANY OF AUSTIN
PO Box 18089
Austin TX 78760-8089

AUSTIN AQUA SYSTEMS
7407 Amsterdam Ln 682553
Arlington TX 760023482

Ainsworth Gorkin PLLC
PO Box 605
New York NY 10038

Ally Bank
AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Ally Bank
PO Box 380901
Minneapolis MN 554380901

Ally Bank c/o AIS Portfolio Services, LLC
4515 N. Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

American Bank Equipment Finance
Po Box 1090
Cedar Park TX 786301090

American Bank, N.A.
c/o Wright Law Group, PLLC
1870 The Exchange SE, Ste 220
PMB 84356
Atlanta, GA 30339-2171

Andrew B. Glaab
Cohn & Dussi, LLC
255 State Street, Suite 7B
Boston, MA 02109-2613

Anetra Thomas
3345 E State Highway 29
Iola TX 77861

Apex Commercial Capital
1 Walnut Grove Drive Suite 300
Horsham PA 19044-2201

BARCLAY ROTOSHRED LLC
4455 Infirmary Rd 800543
Miamisburg OH 453421233

BERKLEY ENVIROMENTAL
499 Washington Blvd
Jersey City NJ 07310-1995

BOBCAT OF MARBLE FALLS
PO Box 226814
Dallas TX 75222-6814

BankFinancial NA
1690 Sumneytown Pike Suite 150
Lansdale PA 19446-4885

Barbara Lanza Farley, Esquire
6975 Upper York Road
New Hope, PA 18938-9511

Berkley Environmental
2 Ravinia Dr
Suite 1100
Atlanta, GA 30346-2172

Beverly Bank Trust Company NA
2050 Main Street Suite 230
Irvine CA 92614-8264

Blue Bridge Financial LLC
11921 Freedom Dr Suite 1130
Reston VA 20190-6225

Brad S. Akin
Fanucchi & Finlayson PLLC
700 N. St. Marys Street, Suite 1825
San Antonio, Texas 78205-3545

Burnet Central Appraisal District
McCreary, Veselka, Bragg & Allen
c/o Julie Anne Parsons
P.O. Box 1269
Round Rock, Tx 78680-1269

Burnet Central Appraisal District
c/o McCreary, Veselka, Bragg & Allen, P.
ATTN: Julie Anne Parsons
P. O. Box 1269, Round Rock, Texas 78680

CEN TECH AUTOMATION
PO Box 908
Garrison TX 75946-0908

CINTAS
Po Box 650838
Dallas TX 752650838

CITY OF MIDLAND LANDFILL
PO Box 1152
Midland TX 79702-1152

CITY OF PLAINVIEW LANDFILL
202 West 5th Street
Plainview TX 79072-8232

CRF Small Business Loan Company LLC
801 Nicollet Mall 1700W
Minneapolis MN 55402-2532

CRF Small Business Loan Company, LLC
Connie A. Lahn, c/o Barnes & Thornburg L
225 South Sixth Street
Suite 2800
Minneapolis, MN 55402-4662

Caldwell Clark Fanuccchi Finlayson PLLC
700 N Saint Marys St Ste 1825
San Antonio TX 782053545

Capspark LLC
10 W Broadway 7th Floor
Salt Lake City UT 84101-2060

Cellco Partnership d/b/a Verizon Wireless
William M Vermette
22001 Loudoun County PKWY
Ashburn, VA 20147-6122

Chex Systems Inc
Po Box 583399
Minneapolis MN 554583399

(p)PATHWARD NATIONAL ASSOCIATION
5501 S BROADBAND LANE
SIOUX FALLS SD 57108-2253

DMKA LLC dba The Smarter Merchant
345 7th Avenue
New York NY 10001-5006

DMKA, LLC dba The Smarter Merchant
c/o Kaminski Law PLLC
P.O. Box 247
Grass Lake, MI 49240-0247

Daimler Truck Financial Services USA LLC
c/o Randall P. Mroczynski
Cooksey, Toolen, Gage, Duffy & Woog
535 Anton Boulevard, Suite 1000
Costa Mesa, CA 92626-7664

ENVIROSERVE INC
9815 South Monroe Street Suite 300
Sandy UT 84070-4297

ERIEZ MANUFACTURING CO
2200 Asbury Road
Erie PA 16506-1402

ERTC Funding LLC
1815 Lakewood Rd Ste 165
Toms River, NJ 08755-1671

EnviroServe, Inc
Carrington Coleman Sloman &
Blumenthal, LLP
2200 Ross Avenue, Suite 1800
Dallas, TX 75201-2748

Equipment Finance Department
PO Box 80550
City of Industry CA 91716-8407

FLEETPRIDE
PO Box 847118
Dallas TX 75284-7118

First Western Bank Trust
100 Prairie Center Dr
Eden Prairie MN 55344-5391

Ford Motor Credit Company LLC
PO Box 30201
College Sta TX 77842-3201

GM Financial
801 Cherry Street Ste 3500
Fort Worth TX 76102-6854

GRANUTECH SATURN
201 E Shady Grove Rd
Grand Prairie TX 750506647

HCTRA VIOLATIONS
Dept 8
PO Box 4440
Houston TX 77210-4440

HIGGINBOTHAM
1221 S Mopac Expy Ste 160
Austin TX 787466822

HOLT TRUCKING LLC DBA HOLT IDEALEASE
14201 Hempstead Rd 512389
Houston TX 770404901

HOOVER BUILDING SUPPLY INC
PO Box 457
Burnet TX 78611-0457

Holt Trucking LLC dba Holt Idealease
c/o Zachary J Fanucchi
Caldwell Clark Fanucchi & Finlayson PLLC
700 N St Marys Street, Suite 1825
San Antonio, Texas 78205-3545

Hoover Building Supply
500 E Polk
PO Box 457
Burnet TX 78611-0457

Internal Revenue Service
Centralized Insolvency Office
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
Centralized Insolvency Office
PO Box 7346
Philadelphia PA 191017346

JCB Finance
655 Business Center Dr 250
Horsham PA 19044-3448

Josh Brandau
Barnes & Thornburg LLP
2121 N. Pearl Street, Suite 700
Dallas, TX 75201
Telephone: 214.258.4200
Josh.Brandau@btlaw.com 75201-2493

KIMBALL MIDWEST
4800 Roberts Rd
Columbus OH 432289791

KIMBALLMIDWEST
4800 Roberts Rd
Columbus, OH 43228-9791

Keystone Equipment Finance Corp.
525 N. Tryon St., Ste. 1000
Charlotte, NC 28202-0210

Keystone Equipment Finance Corp.
c/o Rhonda Mates
Streusand, Landon, Ozburn & Lemmon
1801 S. Mopac Expressway, Ste. 320
Austin, TX 78746-9817

Keystone Equipment Finance Group
433 S Main Street Suite 300
West Hartford CT 06110-2810

LEAF Capital Funding, LLC
c/o Christopher V. Arisco
Padfield & Stout, LLP
100 Throckmorton Street, Suite 700
Fort Worth, Texas 76102-2837

LINDE
Dept 0812
Po Box 120812
Dallas TX 753120812

Leaf Capital Funding LLC
2005 Market Street 14th Floor
Philadelphia PA 19103-7009

MCKINNEY TRAILER RENTALS
PO Box 515574
Los Angeles CA 90051-4586

MINUTEMAN RENTALS
2301 S Water Street
Burnet TX 78611-4522

MOTION INDUSTRIES INC
PO Box 849737
Dallas TX 75284-9737

Mark Castillo
2200 Ross Ave., #1800
Dallas, TX 75201-2748

MercedesBenz Fin Servs USA LLC
14372 Heritage Parkway
Fort Worth TX 76177-3300

(p)MITSUBISHI HC CAPITAL AMERICA INC
1 PIERCE PLACE SUITE 1100 WEST
ITASCA IL 60143-3149

Mitsubishi HC Capital America, Inc.
c/o James W. King
6420 Wellington Pl
Beaumont, TX 77706-3206

Mitsubishi HC Capital America, Inc.
c/o Kye Law Group, P.C.
201 Old Country Road, Suite 120
Melville, NY 11747-2725

Monetaria
40 Wall St Ste 2504
New York NY 100051336

Navitas Credit Corporation
201 Executive Center Dr Ste 100
Columbia SC 292108410

Northland Cap Fin Servs LLC
PO Box 7278
Saint Cloud MN 56302-7278

Northland Capital Financial Services, LLC
333 33rd ave s
333 33rd ave s
St. Cloud, MN 56301-5495

Northland Capital Financial Services, LLC
333 33rd ave s
St Cloud, MN 56301-5495

OMALLEY TIRE AUTOMOTIVE
5242 HWY 28 North
Marble Falls TX 78654

Office of The US Trustee
903 San Jacinto Blvd Ste 230
Austin TX 78701-2450

Office of the Texas Attorney General
Bankruptcy and Collections Division
Po Box 12548
Austin TX 787112548

Office of the US Trustee
515 Rusk Street Ste 3516
Houston TX 77002-2604

PEAK TRAILER GROUP
PO Box 268989 Dept 1078
Oklahoma City OK 73126-8989

PEC
PO Box 1
Johnson City TX 78636-0001

PNC Bank NA, succ. to PNC Equipment Finance,
c/o Christopher V. Arisco
Padfield & Stout LLP
100 Throckmorton St #700
Fort Worth TX 76102-2837

(p)PNC BANK RETAIL LENDING
P O BOX 94982
CLEVELAND OH 44101-4982

PURVIS INDUSTRIES INC
PO Box 540757
Dallas TX 75354-0757

(p)PLAINSCAPITAL BANK
ATTN BANKRUPTCY DEPT
PO BOX 660
EDINBURG TX 78540-0660

PlainsCapital Bank
c/o Michael P. Menton
5728 LBJ Freeway, Suite 150
Dallas, TX 75240-6340

Providence Capital Funding Inc
2951 Saturn Street Suite E
Brea CA 92821-6206

REPUBLIC SERVICES
7000 E Ih 10
San Antonio TX 782194802

(p)CENTRAL TEXAS REGIONAL MOBILITY AUTHORITY
3300 N INTERSTATE 35 SUITE 300
AUSTIN TX 78705-1857

ROTEX GLOBAL LLC
Po Box 630317
Cincinnati OH 452630317

(p)SILVER CREEK MATERIALS
PO BOX 150665
FORT WORTH TX 76108-0665

SPECTRUM VOIP
7600 Windrose Ave Unit 350
Plano TX 75024-0169

STRIPES
Po Box 6293
Carol Stream IL 601976293

Santander Consumer USA Inc.
P.O. Box 961245
Fort Worth, TX 76161-0244

Silver Creek Materials, Inc.
c/o Reed Smith, LLP - Dylan Ross
2850 N. Harwood Street, Suite 1500
Dallas, Texas 75201-2617

T7 Enterprises LLC dba Reliable Tire Disposa
132 County Road 305
Burnet TX 786114742

TeleCheck Services Inc
Po Box 6806
Hagerstown MD 217416806

Texas Comptroller of Public Accounts
C/O Office of the Attorney General
Bankruptcy - Collections Division MC-008
PO Box 12548
Austin, TX 78711-2548

The Lane Law Firm
6200 Savoy Dr Ste 1150
Houston TX 770363369

The Lane Law Firm
6200 Savoy Dr Ste 1150
Houston, TX 77036-3369

TimePayment Corp.
400 TradeCenter, Suite 6950
400 TradeCenter, Suite 6950
Woburn, MA 01801-7476

U.S. Small Business Administration
1545 Hawkins Blvd, Suite 202
El Paso, TX 79925-2654

US Attorney General
Department of Justice
950 Pennsylvania Avenue NW
Washington DC 20530-0009

(p)U S BANK
4801 FREDERICA STREET
OWENSBORO KY 42301-7441

United States Attorneys Office
903 San Jacinto Blvd Ste 334
Austin TX 787012449

United States Trustee - AU12
United States Trustee
903 San Jacinto Blvd, Suite 230
Austin, TX 78701-2450

Unruh Turner Burke Frees Attorneys at Law
PO Box 515
West Chester PA 19381-0515

WEX Bank
Attn: Legal / Bankruptcy
1 Hancock Street
Portland, ME 04101-4217

WILLIAMS MULLEN
Attn Julia A. Rust
222 Central Park Avenue Suite 1700
Virginia Beach, VA 23462-3035

WM Corporate Services, Inc.
c/o Andrew Edson
Iacuone McAllister Potter PLLC
4925 Greenville Ave, Ste 1112
Dallas, TX 75206-4022

(p)WASTE MANAGEMENT
ATTN C/O JACQUOLYN MLLLS
800 CAPITAL STREET STE 3000
HOUSTON TX 77002-2945

Waste Mgmt Williamson Cnty Landfill
600 Landfill Road
Hutto TX 78634-3331

Wells Fargo Equipment Finance, Inc.
801 Walnut Street
MAC F0006-052
Des Moines, IA 50309-3606

Wheeler Fin from Pitney Bowes Inc
Parkside Tower
215 S State St Ste 320
Salt Lake City UT 841112332

Wheeler Financial from Pitney Bowes Inc.
c/o Kutak Rock LLP, Attn: Lisa M. Peters
1650 Farnam Street
Omaha, Nebraska 68102-2104

XTRA Lease LLC
c/o Bryan Cave Leighton Paisner LLP
Attn: Katie Spewak
211 N. Broadway, Suite 3600
St. Louis, MO 63102-2726

Xtra Lease LLC
7911 Forsyth Blvd 600
Saint Louis MO 63105-3877

Zachary J. Fanucchi
Fanucchi & Finlayson PLLC
700 N. St. Marys Street, Suite 1825
San Antonio, Texas 78205-3545

Michael G. Colvard
Martin & Drought, PC
Weston Centre
112 E Pecan St, Suite 1616
San Antonio, TX 78205-8902

Robert Chamless Lane
The Lane Law Firm PLLC
6200 Savoy Dr Ste 1150
Houston, TX 77036-3369

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Crestmark a Division of MetaBank NA
5480 Corporate Dr Ste 350
Troy MI 480982642

Mitsubishi HC Capital America
One Pierce Place Suite 1100 West
Itasca IL 60143

PNC Bank National Association
655 Business Center Dr
Horsham PA 190443409

Plains Capital Bank
325 N Saint Paul St 800
Dallas TX 752013801

(d)PlainsCapital Bank
PO Box 93600
Lubbock TX 79493

RMA TOLL
1321 Rutherford Ln Ste 120
Austin TX 787536745

SILVER CREEK MATERIALS
2251 Silver Creek Rd
Fort Worth TX 761089710

US Bank
200 S 6th St
Minneapolis, MN 55402-1403

WM Corporate Services, Inc.
c/o Jacquolyn Mills
800 Capitol Street Ste. 3000
Houston, TX 77002

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)GM Financial
801 Cherry Street Ste. 3500
Fort Worth, TX 76102-6854

(u)Holt Trucking LLC d/b/a Holt Idealease c/o

(u)RS GROUP

(u)XTRA Lease LLC
401 County Road 311

| | |
|---|---|
| End of Label Matrix | |
| Mailable recipients | 129 |
| Bypassed recipients | 4 |
| Total | 133 |