UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 26-11103-SMR |
| | § | |
| T7 ENTERPRISES LLC d/b/a | § | |
| RELIABLE TIRE DISPOSAL | § | |
| | § | |
| DEBTOR. | § | CHAPTER 11 (SUBCHAPTER V) |

**MICHAEL G. COLVARD, SUBCHAPTER V TRUSTEE'S MOTION AND NOTICE FOR DEBTOR T7 ENTERPRISES LLC d/b/a RELIABLE TIRE DISPOSAL TO SHOW CAUSE WHY IT SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATION OF THE FINAL ORDER WITH RESPECT TO ORDER DISMISSING THE DEBTOR'S CASE [relates to ECF NO. 198]**

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held. Any response must be timely filed with the United States Bankruptcy Clerk, Western District of Texas, Austin Division, 903 San Jacinto Street, Suite 322, Austin, Texas 78701. If a timely response is filed, the Court will then set a hearing on the Motion, and you will be provided with notice of the date, time, and place of the hearing. If you do not attend the hearing, the Court may decide that you do not oppose the Motion.**

TO THE HONORABLE SHAD M. ROBINSON,
UNITED STATES BANKRUPTCY JUDGE:

Michael G. Colvard ("Colvard"), the Subchapter V Trustee (the "Sub V Trustee") for the bankruptcy estate of T7 Enterprises LLC d/b/a Reliable Tire Disposal ("T7" and/or "Debtor") hereby files this *Motion and Notice for Debtor T7 Enterprises LLC d/b/a Reliable Tire Disposal to Show Cause Why it Should Not Be Held In Contempt For Violation of the Final Order with Respect to Order Dismissing the Debtor's Case* [relates to ECF No. 198]. In support of the Motion, the Sub V Trustee respectfully submits as follows:

## JURISDICTION, VENUE, AND BACKGROUND

1. The Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Court has the constitutional authority to enter a final order under *Stern v. Marshall*, 564 U.S. 462 (2011), and its progeny. Venue is proper before this Court pursuant to 28 U.S.C. § 1408 and 1409.

2. On June 9, 2026 ("Petition Date"), T7 Enterprises LLC d/b/a Reliable Tire Disposal, ("T7" and/or "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 ("Bankruptcy Code").

3. The Notice of Appointment of Subchapter V Trustee was filed on June 10, 2026 [ECF No. 10].

4. The 341 Meeting of Creditors was set for July 7, 2026. The deadline to file Proofs of Claim was set for August 18, 2026.

5. Debtor filed its Agreed Motion to Dismiss Case on September 9, 2026 (the "Motion to Dismiss"). An expedited hearing on the Motion to Dismiss was set for September 17, 2026 and approved. The Order Dismissing the Debtor's Case was entered on September 18, 2026 (the "Dismissal Order") [ECF No. 198]. Per the terms of the Dismissal Order, Debtor was to pay the Sub V Trustee retainer payments within seven (7) days after entry of the Dismissal Order.

## RELEVANT FACTS

6. On September 18, 2026, the Court entered an effective Order Dismissing the Debtor's Case.

7. Trustee has communicated with Debtor's counsel who advised that payments were being processed. Debtor has failed to pay Court ordered retainer payments.

## BASIS FOR RELIEF

8. Pursuant to section 105(a) of the United States Bankruptcy Code, "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provision of this title." Further, this Court previously ordered that:

> "Within seven (7) days after entry of this Order, the Detor shall pay the Subchapter V Trustee all retainer payments required under the Order Approving Post-Petition Monthly Retainer Payments (Dkt. No. 119) that remain unpaid as of entry of this Order. Notwithstanding the discharge of the Subchapter V Trustee hereunder and consistent with 11 U.S.C. § 1194(a)(3), upon the Subchapter V Trustee's filed and served notice that the Debtor has failed to timely pay the retainer payments, the Court may order the Debtor to show cause why it should not be sanctioned or have judgment entered against it for the unpaid amount. These obligations survive dismissal and are enforceable under paragraph 12 herein but shall not delay or condition the effectiveness of the dismissal, which is effective upon entry of this Order."

9. Debtor has violated the Dismissal Order.

10. Accordingly, consideration of this Motion is necessary and appropriate, and the Court should find that Debtor has knowingly and willingly violated the Order. The Court should impose appropriate sanctions as a result.

11. Sub V Trustee requests that upon final determination the Court order such relief as is appropriate including:

i. Prompt payment of all retainer payments; and,

ii. To issue such sanctions as may be appropriate including confinement until compliance has occurred.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Sub V Trustee respectfully requests that the Court hold Debtor in contempt knowingly and willfully violating the Court's prior order and enter the Proposed Order, substantially in the form attached hereto as Exhibit A, after setting a hearing on the Motion on the earliest date available on the Court's docket. The Sub V Trustee also requests such other and further relief as is just and proper, including, but not limited to, holding Debtor in contempt and/or imposing appropriate sanctions.

Respectfully submitted,

**MARTIN & DROUGHT, P.C.**
Weston Centre
112 East Pecan Street, Suite 1616
San Antonio, Texas 78205
Telephone (210) 227-7591
Facsimile (210) 227-7924
E-Mail: mcolvard@mdtlaw.com

/s/Michael G. Colvard
By:______________________________
Michael G. Colvard
State Bar No. 04629200

**SUBCHAPTER V TRUSTEE**

**CERTIFICATE OF CONFERENCE**

I, Michael G. Colvard hereby certify that on September 17, 2026, I issued an email to Matt Bourda with respect to Debtor's failure to make required Sub V Trustee retainer payments. No resolution resulted from any communications prior to the filing of this Motion.

/s/ Michael G. Colvard
Michael G. Colvard

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Notice was served electronically by the Court's Electronic Case Filing system, and by first-class U.S. Mail on the parties listed on the attached Service List on October 7, 2026.

/s/Michael G. Colvard

MICHAEL G. COLVARD