UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 26-11103-SMR |
| | § | |
| T7 ENTERPRISES LLC d/b/a<br>RELIABLE TIRE DISPOSAL | §<br>§ | |
| | § | |
| DEBTOR. | § | CHAPTER 11 (SUBCHAPTER V) |

**ORDER GRANTING MICHAEL G. COLVARD, SUBCHAPTER V SUB V TRUSTEE'S MOTION AND NOTICE FOR DEBTOR T7 ENTERPRISES LLC d/b/a RELIABLE TIRE DISPOSAL TO SHOW CAUSE WHY IT SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATION OF THE FINAL ORDER WITH RESPECT TO ORDER DISMISSING THE DEBTOR'S CASE**

The Court has considered the *Motion and Notice for Debtor T7 Enterprises LLC d/b/a Reliable Tire Disposal to Show Cause Why it Should Not Be Held In Contempt For Violation of the Final Order with Respect to Order Dismissing the Debtor's Case* [relates to ECF No. 198] (the "Motion"), filed by Michael G. Colvard, the Subchapter V Trustee (the "Sub V Trutee").

The Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court has the constitutional authority to enter a Final Order on the

Motion; (iii) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the estate; (v) proper and adequate notice of the Motion has been given and that no other or further notice is necessary in the circumstances of this Case; (vi) any objections to the Motion have been resolved by this Order or are overruled in their entirety; (vii) good and sufficient cause exists for the granting of the Motion and providing for the relief set forth herein; and (viii) the Court specifically finds that Debtor has willfully and knowingly violated the order of the Court and thus should be held in contempt and sanctioned for that contempt.

**IT IS, THEREFORE, ORDERED** that:

1. The Motion and the relief requested is hereby **GRANTED** in all respects.

2. Debtor is hereby held in contempt for willfully and knowingly violating prior order of the Court. Debtor shall appear before the Court in person on a date established by the Court to show cause why it should not be further sanctioned by the Court for his actions in violating order of the Court.

3. Debtor shall, immediately upon entry of this Order promptly deliver all retainer payments to Sub V Trustee.

4. The Sub V Trustee's right to seek further sanctions against Debtor including recovery of all attorneys' fees and legal costs, in connection with the prosecution of the Sub V Trustee's Motion is reserved and will be addressed by the Court pursuant to other and further order of the Court.

5. The Court retains jurisdiction to interpret and enforce the terms and provisions of this Order (specifically including the ability to address and rectify any non-

compliance by any person or entity with the dictates of this Order) and this Order is effective immediately upon its entry.

###

Submitted by:

**MARTIN & DROUGHT, P.C.**
Weston Centre
112 East Pecan Street, Suite 1616
San Antonio, Texas 78205
(210) 227-7591 - Office
(210) 227-7924 - Facsimile
mcolvard@mdtlaw.com - Email

/s/Michael G. Colvard
By:_____________________________
Michael G. Colvard
State Bar No. 04629200

**SUBCHAPTER V TRUSTEE**